**No. 24-10897**

# UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

_____

JOSIAH COLON; BRANDON KLING; ERIC MELE; WILLIAM MARTIN; and 2ND AMENDMENT ARMORY, a Florida profit Corporation,

*Plaintiffs-Appellees*,

v.

BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, STEVEN DETTELBACH, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, UNITED STATES DEPARTMENT OF JUSTICE, and MERRICK B. GARLAND, in his official capacity as ATTORNEY GENERAL, U.S. Department of Justice

*Defendants-Appellants.*

_____

**On Appeal from the United States District Court for the Middle District of Florida**

**PLAINTIFF-APPELLEE'S OPPOSITION TO APPELLANTS' MOTION TO POSTPONE ORAL ARGUMENT AND HOLD APPEAL IN ABEYANCE**

Matthew Larosiere, Esq.
6964 Houlton Circle
Lake Worth, FL 33467
Email: larosieremm@gmail.com
Telephone: 561-452-7575
*Counsel for Appellees*

i

*Colon v. ATF, et al*, Appeal No. 24-10897

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT (CIP)

Pursuant to 11th Cir. R. 26.1-1(a), Appellee files this Certificate of Interested Persons and Corporate Disclosure Statement. The following are all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal known to the undersigned:

1. 2nd Amendment Armory, *Plaintiff-Appellee*
2. Bowen, Brigham J., *Attorney for Defendants-Appellants*
3. Boynton, Brian M., *Attorney for Defendants-Appellants*
4. Colon, Josiah, *Plaintiff-Appellee*
5. Dettelbach, Steven M., *Defendant-Appellant*
6. Drezner, Michael, *Attorney for Defendants-Appellants*
7. Garland, Merrick B., *Defendant-Appellant*
8. Janda, Sean R., *Attorney for Defendants-Appellants*
9. Kling, Brandon, *Plaintiff-Appellee*
10. Lewis, Benjamin R., *Attorney for Defendants-Appellants*
11. Larosiere, Matthew, *Attorney for Plaintiffs-Appellees*
12. Lowenstein, Jody D., *Attorney for Defendants-Appellants*

ii

13. Lowry, Faith E., *Attorney for Defendants-Appellants*

14. Martin, William, *Plaintiff-Appellee*

15. Mele, Eric, *Plaintiff-Appellee*

16. Pitz, Taylor, *Attorney for Defendants-Appellants*

17. Scriven, Mary S., *District Judge for the Middle District of Florida*

18. Shumate, Brett A., *Attorney for Defendants-Appellants*

19. Wright, Abby C., *Attorney for Defendants-Appellants*

20. Zermay, Zachary Z., *Attorney for Plaintiffs-Appellees*

No publicly traded company or corporation has an interest in the outcome of this appeal to the undersigned's knowledge.

## ARGUMENT

Defendant-appellants ask this Honorable Court to postpone oral argument and hold this appeal in abeyance for an indefinite amount of time, pending only their "review of the challenged rule." (Doc. 32 at 5).

Defendant-appellants have not established that holding this appeal in abeyance is appropriate. The motion cites no case law, and makes only a conclusory assertion that an abeyance would preserve judicial economy "by ensuring that litigation is focused on enduring agency action and informed by the views of current agency leadership." Meanwhile, the rule itself has been vacated in parallel litigation, and Defendant-appellants have successfully moved to stay all proceedings in the district court in this case pending mandate from this Court.

This unparticularized, self-imposed delay should not allow Defendants to indefinitely stay the entire action, especially where other claims—unrelated to agency action—are essential to complete relief and are still unresolved below. A pause in this case furthers an ongoing deprivation of right, and as this Honorable Court has observed, "even a temporary infringement" of a fundamental right "constitutes a serious and substantial injury" and that the government "has no legitimate

1

interest in enforcing an unconstitutional [statute]." *KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1272 (11th Cir. 2006).

While an appellate court is inherently empowered to hold matters in abeyance, such "is not a matter of right, even if irreparable injury might otherwise result." *Virginian Ry. Co. v. U.S.*, 272 U.S. 658 at 672 (1926). It is instead "an exercise of judicial discretion," and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." *Id.*, at 672–673. The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion. *See, e.g., Clinton v. Jones*, 520 U.S. 681, 708 (1997); *Landis v. North American Co.*, 299 U.S. 248, 255 (1936). The government here has made no serious effort to justify its request.

That the issuance of an abeyance is a matter of the Court's discretion "does not mean that no legal standard governs that discretion .... '[A] motion to [a court's] discretion is a motion, not to its inclination, but to its judgment; and its judgment is to be guided by sound legal principles.'" *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005). Four factors have historically been considered in analogous matters: (1) the interest of the plaintiffs in an expedious proceeding and potential

prejudice from delay; (2) the burden the proceedings may impose on the defendants; (3) judicial economy; and (4) the interest of the public in the pending litigation. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324-25 (9th Cir. 1995).

The only factor asserted by the government is a threadbare assertion of judicial economy. All applicable factors weigh in favor of denying Defendants' motion to hold their appeal in abeyance.

First, Plaintiffs have a clear interest in the expeditious and final resolution of this case. The now-vacated rule is only material to one claim brought by Plaintiffs, and even then, prevailing on the APA claim does not provide complete relief. Amother other things, Plaintiffs below challenge the constitutionality of the underlying statute's application to common firearms by reference to barrel length, and the government's "review" of the vacated rule should not be allowed to indefinitely delay the action below on the government's own motion. Plaintiffs want final relief from the complained-of conduct as soon as possible.

Second, Defendants have imposed the burden of these proceedings on themselves by appealing an order that correctly applied binding precedent.

3

Third, Defendants raise only judicial economy as a consideration, but in addition to this factor being self-imposed, if the government is reconsidering whether the challenged rule was correct, the best way to avoid the unnecessary expense of judicial and the parties' resources is to withdraw or dismiss the appeal.

Fourth, the public interest lies clearly in the final and complete resolution of this case as quickly as possible. Plaintiffs note that the government have not predicated their motion to abey proceedings on any event. Rather, they offer simply to provide status reports in sixty-day intervals. This request for indefinite relief is unreasonable. Oral argument is not until March 5th, 22 days after the government filed its motion. This, or perhaps a 30-day postponement, is more than enough time for the government to "review" its previous conduct and, if the government determines the pistol brace rule is not something it wants to defend anymore, it ought dismiss this appeal, not indefinitely deprive Plaintiffs of their right to final resolution of the various claims still unresolved below.

## **CONCLUSION**

This Honorable Court should deny the requested relief, or, in the alternative, continue argument only until the next available date on the argument calendar.

Respectfully submitted,

/s/ Matthew Larosiere
Matthew Larosiere, Esq.
6964 Houlton Circle
Lake Worth, FL 33467
Email: larosieremm@gmail.com
Telephone: 561-452-7575
*Counsel for Appellees*

## **CERTIFICATE OF COMPLIANCE**

The undersigned certifies that the foregoing complies with the type-volume limitations of to Fed. R. App. P. 27(d)(2) because it contains 791 words, as observed with Microsoft Word's word count.

/s/ Matthew Larosiere
Matthew Larosiere, Esq.
6964 Houlton Circle
Lake Worth, FL 33467
Email: larosieremm@gmail.com
Telephone: 561-452-7575
*Counsel for Appellees*

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was sent by CM/ECF on February 16, 2025, and notice of this filing was electronically served on all parties there registered for service.

/s/ Matthew Larosiere
Matthew Larosiere, Esq.
6964 Houlton Circle
Lake Worth, FL 33467
Email: larosieremm@gmail.com
Telephone: 561-452-7575
*Counsel for Appellees*