No. 24-10897

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

JOSIAH COLON; BRANDON KLING; ERIC MELE; WILLIAM MARTIN; and 2ND AMENDMENT ARMORY, a Florida profit corporation;

Plaintiffs-Appellees,

v.

BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES; DIRECTOR, BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES; UNITED STATES DEPARTMENT OF JUSTICE; and U.S. ATTORNEY GENERAL,

Defendants-Appellants.

On Appeal from the United States District Court
for the Middle District of Florida

## REPLY IN SUPPORT OF MOTION TO POSTPONE ORAL ARUGMENT AND HOLD APPEAL IN ABEYANCE

BRETT A. SHUMATE
   *Acting Assistant Attorney General*

ABBY C. WRIGHT
SEAN R. JANDA
BEN LEWIS
   *Attorneys, Appellate Staff*
   *Civil Division, Room 7260*
   *U.S. Department of Justice*
   *950 Pennsylvania Avenue NW*
   *Washington, DC 20530*
   *(202) 514-3388*

*Colon v. ATF*, No. 24-10897 (11th Cir.)

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Eleventh Circuit Rule 26.1-1, counsel for defendants-appellants certifies that, to the best of his knowledge, no persons or entities other than those already listed in the previous briefs and motion for abeyance filed in this case have an interest in the outcome of this litigation.

*s/ Sean R. Janda*
Sean R. Janda

Pursuant to Federal Rule of Appellate Procedure 27, the federal government respectfully submits this reply in support of its motion to postpone oral argument and hold this appeal in abeyance.

As explained in the government's motion, this is an interlocutory appeal from a preliminary injunction that prohibits the government from enforcing a rule issued by the Bureau of Alcohol, Tobacco, Firearms, and Explosives against plaintiffs and others. Oral argument is set for March 5, 2025. But earlier this month, President Trump issued an Executive Order that, among other things, directs the Attorney General to review recent rules promulgated by ATF, including the rule at issue in this case. *See* Mot. 1-2.

Plaintiffs do not dispute that keeping this case on the Court's active docket and proceeding with oral argument while the Attorney General is engaged in reviewing the challenged rule would risk unnecessarily expending the parties' and the Court's resources. Nonetheless, plaintiffs claim that the burden of such a potentially unnecessary expenditure is outweighed by their interest in prompt resolution of this appeal. That claim is unfounded.

At the outset, as plaintiffs do not appear to seriously dispute, they would not be prejudiced by any delay in resolving this appeal specifically. The district court preliminarily enjoined the government from enforcing the challenged rule against plaintiffs and others on the basis that the rule was issued in violation of the Administrative Procedure Act's notice requirements. *See* Dkt. No. 47, at 25-42. And

the only issue presented in this appeal is whether the district court properly entered that injunction. *See* Opening Br. 21-37; Resp. Br. 3-15. Plaintiffs have no serious interest in the immediate resolution of that question: the district court's preliminary injunction remains in effect pending the disposition of this appeal—and, in any event, a district court in a different district has universally vacated the challenged rule, *see Mock v. Garland*, No. 4:23-cv-95, 2024 WL 2982056 (N.D. Tex. June 13, 2024). There is thus no risk that the government might attempt to enforce the rule against plaintiffs while this appeal remains pending.

      Nonetheless, plaintiffs assert that placing this appeal in abeyance would prejudice their interest in the speedy resolution of their claim "challeng[ing] the constitutionality of the underlying statute's application to common firearms." Resp. 3. But that claim is untethered from any actual or threatened agency action, and plaintiffs have cited little to demonstrate a serious interest in resolution of that claim separate and apart from their interest in avoiding enforcement of the challenged rule. Plaintiffs' interests are therefore outweighed by the strong public interest in the efficient and orderly disposition of this case, including by ensuring that constitutional litigation is focused on enduring agency action. Regardless, plaintiffs' concerns regarding the speedy resolution of a claim not at issue in this appeal provide no

2

justification for requiring this Court to expend resources resolving this appeal at this point.

        Respectfully submitted,

BRETT A. SHUMATE
  *Acting Assistant Attorney General*
ABBY C. WRIGHT

*s/ Sean R. Janda*
SEAN R. JANDA
BEN LEWIS
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7260*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-3388*

FEBRUARY 2025

3

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing complies with the type-volume limitation of Fed. R. App. P. 27(d) because it contains 478 words, according to the count of Microsoft Word.

                                                      */s/ Sean R. Janda*
                                                     Sean R. Janda